IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 6, 2003 Session

# B&L CORPORATION v. THOMAS AND THORNGREN, INC., ET AL. JAMES EDWARD McCRONE

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 99-1853-III(II)   The Honorable Carol L. McCoy, Chancellor**

_____

**No. M2002-02355-COA-R3-CV - Filed February 10, 2004**
_____

_____

**PARTIAL SEPARATE CONCURRENCE**
_____


I concur fully with the majority's well-reasoned opinion except in one respect. The majority concludes that the evidence preponderates against the trial court's finding that B&L's customer information, such as customer names, prices charged for services rendered, customer contract renewal dates and the identity of customer representatives, constituted confidential information. I disagree with the majority's reasoning on this issue.

The majority first cites Brodbine's testimony that the identity of customers could conceivably be gleaned by making cold calls from the telephone directory, as demonstrating that the names of B&L's customers were "available to the public." This strikes me as particularly unpersuasive. Out of the universe of potential customers, B&L had expended considerable effort to identify and obtain the business of those entities who would pay for B&L's services. As noted in **_Venture Express, Inc. v. Zilly_**, 973 S.W.2d 602, 606 (Tenn. Ct. App. 1998), consideration must be given to the effort and expense of B&L in developing the list of customers and the difficulty with which the information could be duplicated by others. To find that this information is "available to the public" because potential customers are in the telephone directory would mean that no customer lists by any employer would be deemed confidential.



Equally unpersuasive is the reasoning that the information is available to the public because customers are not prohibited from disclosing their business relationship with B&L, and because a few customers "have on occasion been willing to reveal themselves upon request to do so." Since

the defendants would have to know whom to ask in order for customers to "reveal themselves," this likewise does not mean that the list of B&L's customers is available to the public. The trial court found that the identity of B&L's customers was confidential information, and that B&L took extensive measures to keep the information confidential. I agree with the trial court's analysis.

The other information discussed by the majority, pricing information, contract renewal dates and the identity of customer representatives, can be readily ascertained only if the identity of the customer is known. The majority states that although it recognizes that "efforts to retrieve this information through cold calls can be difficult, time consuming, and often unfruitful, we are unable to conclude that this information is confidential simply because it can be difficult to obtain." And yet, this is exactly what the *Venture Express* decision states, that the effort, expense and difficulty of developing the information is weighed into the determination of whether it is deemed confidential. The trial court relied on this, and I agree with the trial court's analysis on this issue.

In the alternative, the majority also appears to rely on the fact that the identify of B&L's customers was "remembered" information, and since the defendants' noncompete agreements had expired, they could utilize this remembered information to compete with B&L. Other information such as prices and contract renewal dates, could be obtained from the customer once the identity of the customer was known. I agree with the result reached by the majority based on this reasoning, but I disagree with its earlier analysis of whether the information would be deemed confidential. Under the majority's reasoning, if the defendants were subject to a noncompete agreement, this information would be non-protectible and the defendants would be free to use it despite the difficulty of finding customers and the measures B&L used to keep the information secure. This would clearly be a wrong result.

For these reasons, I concur separately.

_____
HOLLY M. KIRBY, J.